UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re:                              ) Case No. 03-26814
                                    )
    JASON HART and              ) Chapter 7
    JULIE HART,                  )
                                    )
                                    ) Judge Arthur I. Harris
        Debtors.             )

## MEMORANDUM OF OPINION

This case is currently before the Court on the Trustee's objection to the Debtor Jason Hart's claim of exemption in a 401(k) plan (Docket #10). A threshold question is whether the Debtor's interest in his 401(k) plan is even property of the Debtor's estate under Section 541(c)(2) of the Bankruptcy Code and the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. § 1001, *et seq.*). For the reasons that follow, the Court finds that the Debtor's interest in his 401(k) plan is not property of the Debtor's estate because, under ERISA, restrictions on the transfer of the Debtor's interest in his 401(k) plan still existed when he and his wife commenced their bankruptcy case on December 22, 2003. Accordingly, the Trustee's objection to the Debtor's claim of exemption (Docket # 10) is overruled.

## STIPULATIONS OF FACT

On March 19, 2004, the Trustee and the Debtors filed joint stipulations of fact (Docket #18), which provide in pertinent part as follows:

1. Jason R. Hart ("Jason") and Julie A. Hart ("Julie") filed a petition under Chapter 7 of the Bankruptcy Code on December 22, 2003.

2. On Schedule B of the petition, Jason lists a 401(k) through a previous employer with a value of $10,000.00.

3. On Schedule C, Jason has claimed an exemption of $10,000.00 in the 401(k) pursuant to Ohio Rev. Code § 2329.66(A)(10)(b).

4. The retirement plan is the Electronic Boutique of America, Inc., 401(k) plan held in trust at Fidelity Investments Institutional Services, Co. Jason left his employment at Electronic Boutique on or about September 1, 2003.

5. According to the latest statement, the value of the 401(k) is $10,370.45.

DISCUSSION

Under Rule 4003(c) of the Federal Rules of Bankruptcy Procedure, "the objecting party has the burden of proving that the exemptions are not properly claimed." This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

The Debtor claims, as a threshold matter, that his interest in the 401(k) plan is excluded from property of the estate under Section 541(c)(2) of the Bankruptcy Code. Section 541(c)(2) provides: "A restriction on the transfer of a beneficial interest of the Debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." In *Patterson v. Shumate*, 504 U.S.

753 (1992), the Supreme Court held that the phrase "applicable nonbankruptcy law" in Section 541(c)(2) includes ERISA. Therefore, a pension plan which contains an antialienation provision required for tax qualification under ERISA is excluded from property of a Debtor's estate under Section 541(c)(2). The Trustee, however, asserts that the antialienation protections to the 401(k) plan ceased when the Debtor left his job in September of 2003 and gained unrestricted access to the funds. The resolution of this dispute therefore becomes a question of timing: at what point did the Debtor's pension benefits lose their antialienation protections under ERISA and Section 541(c)(2) of the Bankruptcy Code? Was it when the Debtor left his job in September of 2003, or was it not until an actual distribution was made by the plan administrator, sometime after the Debtors commenced their joint bankruptcy case in December of 2003?

Petition Filing Date Is Date for Deciding What Property Is Included in the Estate as Well as What Property Is Exempt

The parties are in agreement that the determination of what property is included in the estate, as well as what property is exempt, is measured as of the date the case is commenced. *See* 11 U.S.C. §§ 541(a)(1), 522(b)(2)(A); *In re Newpower*, 233 F.3d 922, 928 (6th Cir. 2000); *In re Parks*, 255 B.R. 768, 770 n.3 (Bankr. D. Utah 2000); *In re Bartholomew*, 214 B.R. 322, 328 (Bankr. S.D. Ohio

1997). Furthermore, "property which is properly exempted from the bankruptcy estate as of the date of the bankruptcy petition is not affected by a subsequent change in the form of that property, even if such change would have rendered the property non-exempt had that been its form at the time of the bankruptcy filing." *In re Bartholomew*, 214 B.R. at 328. *See also In Re Winkler*, 164 B.R. 728, 730 (W.D.N.C. 1994), *affd.*, 46 F.3d 1130 (4th Cir. 1995) (unpublished).

### As of Petition Filing Date, the Debtor's 401(k) Plan Retained its Antialienation Characteristics under ERISA

This Court agrees with the analysis of the Bankruptcy Court in *Parks*, which involved a fact scenario almost identical to that of the present case. *See In re Parks*, 255 B.R. 768 (Bankr. D. Utah 2000). In *Parks*, the Debtor was terminated from her employment eleven days before she and her husband filed a petition seeking relief under Chapter 7. Under the terms of the Debtor's 401(k) plan, after the termination of her employment, the Debtor had the absolute right to withdraw the funds deposited into the plan. On the date of the Chapter 7 filing, however, the funds remained with the plan administrator awaiting direction from the Debtor regarding their disposition. Approximately one month after the Chapter 7 case was filed, at the direction of the Debtor, the plan administrator transferred the plan funds to the Debtor's IRA account.

4

The Bankruptcy Court in *Parks* analyzed the case as follows:

> [T]he issue does not turn on the Debtor's control over the Plan Funds or whether the Trustee can exercise the Debtor's right to direct disbursement upon filing. Instead, the issue is whether, under ERISA, the Plan Funds retained their anti-alienation characteristics after the Debtor's employment was terminated but while the Plan Funds remained under [the plan administrator's] control.

*In re Parks*, 255 B.R. at 771. The Bankruptcy Court in *Parks* then reviewed the applicable case law to determine when, under ERISA, the pension benefits lose their antialienation protection. Following the Tenth Circuit's *en banc* decision in *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 39 F.3d 1078, 1083 (10th Cir. 1994), the Bankruptcy Court in *Parks* concluded that the benefits are protected by the antialienation provision of Section 206(d)(1) of ERISA[1] so long as they remain within the fiduciary responsibility of the plan administrator. The ERISA protection therefore extends until the funds are paid to and received by the plan participant or beneficiary. *See* 255 B.R. at 771.

Other courts have reached the same conclusion. For example, in *Bartholomew* the Bankruptcy Court held that the Debtor's retirement benefit plan was excluded from the Debtor's estate under Section 541(c)(2), even though,

---

[1] Section 206(d)(1) of ERISA, 29 U.S.C. § 1056(d)(1), provides, in pertinent part: "Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated."

before filing his bankruptcy petition, the Debtor had taken all the steps necessary to obtain his interest in the retirement benefits. *See In re Bartholomew*, 214 B.R. at 328. The check representing the Debtor's retirement benefits was not issued until the day the Debtor retired, approximately two weeks *after* he commenced his bankruptcy case. Thus, the Court held that, as of the petition date, the funds were excluded from the bankruptcy estate because they remained subject to a restriction on transfer which was enforceable under nonbankruptcy law. *Accord In re Nelson*, 322 F.3d 541, 544 (8th Cir. 2003)(Debtor's interest in ex-wife's ERISA-qualified pension plan was excluded under Section 541(c)(2) because lump-sum distribution owed Debtor was still held in trust by the plan on the petition date); *Smith v. Mirman*, 749 F.2d 181, 185 (4th Cir.1984)(citing *Tenneco v. First Virginia Bank of Tidewater*, 698 F.2d 688, 690 (4th Cir. 1983)); *In re Winkler*, 164 B.R. at 730 (plan's antialienation protections remain until "point at which the

6

proceeds are distributed"). *See also* 26 C.F.R. § 1.401(a)-13.[2]

In the present case, despite the fact that the Debtor may have been able to acquire possession of the assets upon termination of his employment, ERISA protections remain effective until an actual distribution of the funds has taken place. Thus, restrictions on the transfer of the Debtor's interest in his 401(k) plan still existed when the Debtor and his wife commenced their bankruptcy case on December 22, 2003. "ERISA section 206(d)(1) protects ERISA-qualified pension benefits from garnishment only until paid to and received by plan participants or beneficiaries." *Guidry,* 39 F.3d at 1083. Because the Debtor's interest in his 401(k) is excluded from the Debtor's estate pursuant to ERISA and Section 541(c)(2), the Trustee's objection to the Debtor's claim of exemption must be overruled.

---

[2] This ERISA regulation provides, in pertinent part:
For purposes of this section, the terms "assignment" and "alienation" include -- [any arrangement] whereby a party acquires from a participant or beneficiary a right or interest enforceable against the plan [in any] part of a plan benefit which is, or may become, payable to the participant or beneficiary.
26 C.F.R. § 1.401(a)-13. By using the phrase "is, or may become, payable," the regulation expressly contemplates a restriction on funds presently payable to the participant but still held by the plan.

7

## CONCLUSION

For the foregoing reasons, the Trustee's objection to the Debtor's claim of exemption (Docket #10) is overruled.

IT IS SO ORDERED.

_____
Arthur I. Harris
United States Bankruptcy Judge

8